HEATHER E. WILLIAMS, #122664
Federal Defender
RACHELLE BARBOUR, #185395
Attorney
801 I Street, 3rd Floor
Sacramento, CA 95814
Tel: 916-498-5700/Fax 916-498-5710
rachelle.barbour@fd.org

Attorney for Defendant
BROOKE BRUNING

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) Case No. Cr. S. 13-0291-MCE |
|---|---|
| Plaintiff, | ) |
| v. | ) UNOPPOSED MOTION FOR EARLY |
|  | ) TERMINATION OF SUPERVISED RELEASE |
| BROOKE BRUNING, | ) |
| Defendant. | ) Judge: Hon. Morrison C. England Jr. |

## I. INTRODUCTION

Defendant, BROOKE BRUNING, hereby moves the Court to terminate her term of supervised release pursuant to 18 U.S.C. § 3583(e)(1). The 36-month term of supervision began on March 10, 2016. Ms. Bruning has completed over one year of her supervisory term. Her Probation Officer, Shari Simon, supports this motion.

Ms. Bruning is being supervised in the Eastern District of California, where she lives with her daughter. Prior to filing this petition, defense counsel provided it to the supervising probation officer and the government. The Probation Office has indicated that it has no opposition to this petition. Assistant United States Attorney Jason Hitt has reviewed a draft of this motion and has authorized defense counsel to indicate that he joins it. A proposed order is attached for the Court's convenience.

## II. APPLICABLE LAW

Title 18, section 3583(e)(1) of the United States Code authorizes the Court to terminate a

defendant's term of supervised release at any time after the expiration of one year of supervision if the Court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." No hearing is requested for this unopposed petition.

Section 3583(e)(1) directs the Court to consider the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). The Judicial Conference has identified the following criteria for Probation Officers to assess eligibility for early termination:

> Officers should consider the suitability of early termination for offenders as soon as they are statutorily eligible. The general criteria for assessing whether a statutorily eligible offender should be recommended to the court as an appropriate candidate for early termination are as follows:
>
> 1. Stable community reintegration (e.g. residence, family, employment);
> 2. Progressive strides toward supervision objectives and in compliance with all conditions of supervision;
> 3. No aggravated role in the offense of conviction, particularly large drug or fraud offenses;
> 4. No history of violence (e.g., sexually assaultive, predatory behavior, or domestic violence);
> 5. No recent arrests or convictions (including unresolved pending charges), or ongoing, uninterrupted patterns of criminal conduct;
> 6. No recent evidence of alcohol or drug abuse;
> 7. No recent psychiatric episodes;
> 8. No identifiable risk to the safety of any identifiable victim; and
> 9. No identifiable risk to public safety based on the Risk Prediction Index (RPI)

*Guide to Judiciary Policy*, Vol. 8E, Ch. 3 § 380.10(b), "Early Termination" (Monograph 109) (rev'd 2010).

Further, on February 16, 2012, the Honorable Robert Holmes Bell, Chair of the Committee on Criminal Law of the Judicial Conference, issued a memorandum to all United States District Court Judges encouraging them to grant early termination of supervised release in appropriate cases as an effort to reduce expenditures in the probation and pretrial services programs. Terminating "appropriate cases before they reach their full term saves resources and allows officers to focus on offenders who continue to pose the greatest risk of recidivism." Judge

Bell's memorandum notes that supervision costs approximately $3,938 per year per case. Analysis by the Administrative Office of the Courts indicates that offenders who received early termination were "arrested less often, for less serious charges, and were sentenced to terms of imprisonment less often." Accordingly, "[f]rom a policy standpoint, it appears that the above criteria, when properly applied, does not jeopardize public safety." Id.

### III. MS. BRUNING SATISFIES ALL THE CRITERIA FOR EARLY TERMINATION

Ms. Bruning satisfies all factors set forth for early termination. She has completed the statutorily-required year of her supervision. She has no need for programming or treatment. She has forged a strong relationship with her Probation Officer, Shari Simon, who supports this motion.

Brooke was on pretrial release for three and a half years during the pendency of her case and immediately started improving her life. She received her Registered Addiction Specialist Certificate, interned for a year for Community Recovery Resources from August 2014 to 2015, and returned to college. By the time she was sentenced to probation in March 2016, Brooke had received her Associates Degree and was well on her way to receiving a Bachelors Degree.

Chris Hall, her English professor at Sierra College, writes that, as a student, "Brooke demonstrated unusual maturity and thoughtfulness in both written assignments and class discussions, and she completed coursework with alacrity and excellence." (Exh. A.) Brooke "defined clear goals for her education and career." She is working towards a Masters in Social Work, with the goal of working for "local organizations aimed at helping members of her local community who struggle with homelessness, mental health, and addiction." Id.

Brooke has submitted a letter outlining her plan. The community organization at which she wishes to work, Turning Point, does not hire individuals who are on supervision, although they will consider individuals with felony convictions. (Exh. B.) Brooke will graduate with her BA in anthropology this weekend, on May 13, 2017. She is applying to a Masters in Social Work program at either Chico State or Sacramento State. She hopes to work at Turning Point before and during her Masters program.

Brooke's friend, Sirci Kinney, who works at Turning Point, has submitted a letter testifying to Brook's "dignity and grace." She calls her a "beacon of hope for women in recovery." (Exh. C.) She confirms that Turning Point will be unable to hire Brooke while she is on probation, although she would be "an asset to the agency, given her education and life experience." Id.

Brooke's therapist has written to her Probation Officer recommending that mandated therapy be discontinued because of Brooke's success. "Brook is well on her way to making everyone from her arresting officer to you on the bench, and everyone in between, proud of her and proud that the system gets one in the win column once in a while, when a person really does turn their life around." (Exh. D.)

Brooke was convicted of participating in a conspiracy to possess LSD and DMT with intent to distribute from September 2010 to January 2011. This criminal activity is now over six years old. Brooke credits this case with turning her life around. Since her arrest she has been clean and sober for four years, is an active member of Narcotics Anonymous, and sponsors other women. She is a devoted single mom to her daughter Poppylee.

Brooke requests early termination with her Probation Officer's agreement to allow her to pursue a career path in which she can contribute to others and help them gain the same rehabilitation opportunities that she has enjoyed. Her performance on supervision amply supports this action. It would be in the interests of justice and society for the Court to terminate her supervision to support her in her work and reintegration. Brooke requests that this Court grant this unopposed motion.

Dated: May 11, 2017

                                          HEATHER E. WILLIAMS
                                          Federal Defender

                                          */s/ RACHELLE BARBOUR*
                                          RACHELLE BARBOUR
                                          Attorney for Defendant
                                          BROOKE BRUNING

**ORDER**

Pursuant to 18 U.S.C §3583(e)(1), and good cause having been shown, the Court hereby TERMINATES the term of supervised release imposed in this case and discharges Ms. Bruning for the reasons set forth above.

IT IS SO ORDERED.

Dated: May 16, 2017

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE